UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE MAYNARD,  Plaintiff,  v.  STEPHANIE E. YANTA,  Defendant. | ) ) ) ) ) ) Civil Action No. 07-1193 (RJL) ) (ECF) ) ) ) ) ) |

**FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. 42(a), Federal Bureau of Investigation Special Agent Stephanie Yanta ("Defendant"), by and through the undersigned, hereby moves to consolidate the captioned matter with *Jones v. Horne*, 07-1300 (RJL). Federal Defendants in the *Horne* matter are Federal Bureau of Investigation agents/employees ("FBI") Kelli O'Brien and Renalda Shaw, who are also represented by the undersigned. Both matters are currently stayed pending completion of criminal proceedings involving Plaintiffs. There are good reasons justifying consolidation.

Fed. R. Civ. P. 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the [same] court, it may . . . order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Scarborough v. Nat. Assoc. of Surety Bond Prod.*, 447 F.Supp.2d 64, 70-71 (D.D.C. 2007) (quoting the rule). The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. *Id*. (citing *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). In determining whether consolidation is appropriate, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.*; *see also Chang*

*v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency..." by avoiding redundancy). These important considerations suggest that consolidation is appropriate here.

These two matters as well as other civil complaints, including some brought by Jones' relatives, are pending before the Court, e.g., *Jones v. Lieber*, 07-1027 (RJL), *Jones v. Yanta*, 07-1172 (RJL).[1] All these matters arise out of an FBI investigation into Antoine Jones who was recently convicted on drug charges and awaits sentencing. *US v. Jones*, 05-386(ESH). By way of background, in or about October 2004, the FBI obtained information about a large narcotics trafficking organization operating in the greater Washington, D.C. area and commenced an investigation. The investigation revealed that this organization was headed by Antoine Jones with the aid of Lawrence Maynard. As part of the investigation, federal agents obtained several lawful warrants and used them as authorized. On October 24, 2005, federal agents took down the organization by executing several lawful search warrants on Jones' homes and businesses. *See generally, US v. Jones*, 451 F.Supp.2d 71 (D.D.C. 2006) (ESH). Plaintiffs Maynard and Jones brought these and other actions against several FBI agents, Assistant U.S. Attorneys, ICE officers and even District of Columbia employees.

---

[1] Although Jones seeks to continue filing improper and unauthorized surreplies, *Jones v. Lieber*, 07-1027(RJL), is fully briefed and pending disposition by the Court. In *Jones v. Yanta*, 07-1172(RJL), Defendant failed to oppose Federal Defendants' Motion to Dismiss as ordered by the Court and is therefore in default. Since these matters are ripe for disposition, Federal Defendants are not seeking to consolidate them in this motion unless the Court prefers that option.

The complaints sought to be consolidated arise out of the above-referenced investigation. In *Maynard*, 07-1993, Plaintiff alleges that Agent Yanta deliberately made gross misrepresentations to the court in order to obtain wire and text message warrants that were used in the investigation. *Pl. Compl.*, pp 1-2. In *Horne*, 07-1300, Jones alleges that FBI agents obtained illegal search warrants and planted contraband at his nightclub, LEVELS. *Pl. Compl.*, pp 1-2. Maynard is listed as LEVELS' manager in documents filed with the City. Essentially, these matters arise out of the same investigation, the same warrants and the same individuals. Accordingly, under governing precedent, Federal Defendants contend that consolidating both of these matters is appropriate because they all arise out of the same facts and are likely governed by the same law. Most importantly, consolidating these matters conserves judicial resources by enabling the court to deal with both matters at one time.

Because Plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned has not attempted to contact plaintiff regarding his position on this motion.[2]

WHEREFORE, Federal Defendants respectfully request that these matters be consolidated under CA No. 07-1193. Federal Defendants also respectfully request that the Court order that an answer or other response be due within 30 days of Defendants' sentencing in *United States v. Jones*, 05-386(ESH).[3] A proposed order is attached.

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss non-dispositive motions with "opposing *counsel*" and nonprisoner pro se parties.

[3] On March 21, 2008, the Court granted Federal Defendant, Yanta's Motion to Stay Pending Completion of Criminal Proceedings in *US v. Jones*, 05-386(ESH). The Court also Ordered that the Federal Defendant's answer or other response would be due within 30 days of said completion.

3

April 2, 2008                           Respectfully submitted,

                                               _/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE MAYNARD  Plaintiff  v.  STEPHANIE E. YANTA  Defendant. | )  )  )  )  )  )  ) Civil Action No. 07-1193 (RJL)  )  (ECF)  )  )  )  )  )  ) |

## ORDER

UPON CONSIDERATION of Federal Defendants' Motion to consolidate, support thereof, the grounds stated therefor and the entire record in this matter, it is by the Court this ____ day of _____, 2008, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED that *Maynard*, 07-1193 and *Horne*, 07-1300 are hereby consolidated into one action with the lead case being *Maynard*, 07-1193.

FURTHER ORDERED that Federal Defendant shall file an answer or other response within thirty (30) days of Defendants' sentencing in *US v. Jones*, 05-386 (ESH).

_____
HON. RICHARD J. LEON, U.S.D.J.

**CERTIFICATE OF SERVICE**

      I certify I caused copies of the foregoing Defendant's Motion to Consolidate was served by first class mail upon *pro se* plaintiff at:

Lawrence Maynard
DC# 307-469
1901 D Street, S.E.
Washington, D.C. 20003

Antoine Jones
DC# 241-912
1901 D Street, S.E.
Washington, D.C. 20003

on this 2nd day of April, 2008    _/s/_____
                                                KENNETH ADEBONOJO
                                                Assistant United States Attorney