UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE MAYNARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 07-1193 (RJL) |
| v. ) | (ECF) |
| ) | |
| STEPHANIE E. YANTA, et al. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6), Federal Bureau of Investigation Special Agent Stephanie E. Yanta ("Defendant"), by and through the undersigned counsel, respectfully file this Motion to Dismiss the complaint filed by Lawrence Maynard, Reg. No. D.C. D.C. 307-469 ("Plaintiff"). Defendant respectfully refers the Court to the accompanying memorandum in support of this motion and proposed order.

*Pro se* Plaintiff will take note that if he fails to respond to this Motion to Dismiss, the Court may grant this motion and dismiss his case because of his failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

                                      Respectfully submitted,

                                      \_/s/_____
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney

                                      \_/s/_____
                                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                                      Assistant United States Attorney

    /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused service of the foregoing **Defendant's Motion to Dismiss** to be made by mailing a copy thereof to:

LAWRENCE MAYNARD
DC # 307-469
D.C. Jail
1901 D Street, S.E.
Washington, D.C. 20003

on this 27th day of May, 2008

　　　　　　　　　　　　　　　　　　　　_/s/_____
　　　　　　　　　　　　　　　　　　　　KENNETH ADEBONOJO
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE MAYNARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 07-1193 (RJL) |
| v. ) | (ECF) |
| ) | |
| STEPHANIE E. YANTA, et al. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6), Federal Bureau of Investigation Special Agent Stephanie E. Yanta ("Defendant"), respectfully submits this memorandum of law in support of this Motion to Dismiss the complaint filed by Lawrence Maynard, Reg. No. D.C. D.C. 307-469 ("Plaintiff").

**I. INTRODUCTION AND SUMMARY**

Dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(1) because sovereign immunity bars Plaintiff's complaint; under Fed. R. Civ. P. 12(b)(5) because Defendant was not served in her individual capacity pursuant to Fed. R. Civ. P. 4(i); and under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim. Moreover, dismissal is proper based on the twin preclusion doctrines of *res judicata* because the issue of the veracity of Defendant's affidavits of August 10 and 18, 2005 has already been litigated and the *Heck* rule because this action is a collateral attack on Plaintiff's conviction.[1]

---

[1]  *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II. FACTUAL BACKGROUND

Plaintiff commenced this action against Defendant, one of the key investigators into the conspiracy involving Plaintiff and his co-defendant in the underlying criminal trial, Antoine Jones ("Jones").[2] In what amounts to a one-page complaint, Plaintiff alleges that Defendant "violat[ed] [his] fourth amendment rights with perjury and omissions of facts to obtain [text message] search warrants." *Pl. Compl*. at 5. Plaintiff further accuses Defendant of "misleading [Judge Kay] with false statements in affidavits, applications of order and [text message] search warrants." *Id*. He further accuses Defendant of a "failure to give notice of search after 90 days delay notice expired." Plaintiff is "seeking damages from Defendant...on a claim that she deprived [him] of liberty without due process of law by using perjured testimony...concealing and fabricating critical evidence." *Id*. At the conclusion of the investigation that is the basis of Plaintiff's complaint, he was indicted, convicted and, on April 24, 2008, sentenced to one hundred and fifty one months incarceration and an additional five years of supervised release.

By way of background into the investigation, beginning sometime in 2003 until October 24, 2005, Plaintiff, Jones and other coconspirators "acquired, repackaged, stored, processed, sold and redistributed large quantities of cocaine and cocaine base, in the District of Columbia, the States of Maryland and Texas, the Republic of Mexico and elsewhere. *US v. Jones*, 451 F.Supp.2d 71, 73 (D.D.C. 2006).[3] The investigation into the conspiracy, corroborated by

---

[2] Mr. Jones was sentenced on May 2, 2008.

[3] Jones was the sole proprietor of a District nightclub called "LEVELS." Sources told investigators that Jones used the nightclub as a location to distribute kilogram quantities of cocaine and collecting substantial amounts of money, as well as laundered drug-trafficking proceeds through the nightclub. Plaintiff was listed as the "A.B.C. manager" of Club Levels nightclub in the records on file with the District of Columbia Alcoholic Beverage Regulatory

confidential sources, revealed that Plaintiff undertook many tasks in furtherance of the conspiracy, including being an intermediary and point of contact between Jones and his suppliers and customers. For example, specifically, on April 5, 2005, Plaintiff was stopped by a police interdiction unit while driving one of Jones' cars in North Carolina. *Id*. at 77. When Plaintiff and a passenger gave conflicting stories about their travels, a canine unit was called and a subsequent search revealed that Plaintiff and the passenger had about $5,000 on them and another $67,115 in a hidden compartment in the vehicle. *Id*.

As part of the investigation into the conspiracy involving Plaintiff, investigators employed a number of techniques, including search warrants issued to electronic communication service providers for text messages to and from cellular telephones used by Plaintiff, Jones and others. *Id*. To that end, on August 10, 2005 and August 18, 2005, Defendant submitted a 29-page affidavit for stored text messages that had been transmitted over Plaintiff and Jones' cellular phones. 451 F.Supp.2d at 74, 77.[4] Judge Kay issued the search warrant, which yielded a significant number of text messages, including some that corroborated confidential informant's statements included in the affidavit. *Id*.

Prior to his first trial, which resulted in a hung jury on one conspiracy count and thirteen counts of using a communications facility to further a drug trafficking offense, Jones moved to suppress evidence of text messages between himself and Maynard on the grounds that Defendant "misled the authorizing court and demonstrated a reckless disregard for the truth in setting forth

---

Agency (ABRA). *Jones*, 451 F.Supp.2d 71, 77.

[4]    Defendant's affidavit served as the foundation upon which subsequent affidavits submitted in support of wiretap and search warrants applications were based.

3

the factual allegations in her supporting affidavit." *Id*. at 74.[5] In support for his request for a *Franks* hearing, Jones argued that Defendant "omitted certain helpful facts while touting other facts for the sole purpose of misleading" the issuing court.[6] *Id*. at 78. The court found there was probable cause to support issuance of the warrant because, *inter alia*, the messages obtained corroborated the confidential informants' statements and an increase in suspicious text message traffic between Jones and Maynard coincided with increased traffic at Jones' nightclub suggesting distribution activity. The Court denied Jones' request for a *Franks* hearing because, for example, the fact that he employed Plaintiff as both his "legitimate" nightclub business manager and assistant in his narcotics operation did not undermine the fact that some of their text messages pertained to illegal drug activity. *Id*. at 78. Furthermore, not only could Jones not prove the requisite scienter, "the wealth of facts in the affidavit establish[ed] probable cause to believe Jones was operating a large-scale cocaine business." *Id*. at 79.

As indicated earlier, Jones moved for a reconsideration of the denial of his Motion to Suppress and Plaintiff, who had withdrawn his guilty pleas and was awaiting trial for the first time, joined Jones' motion. *US v. Jones*, 05-0386, *Docket Entry* 384. The court agreed with the Government's argument that "Jones's motion for reconsideration is 'an essentially verbatim repetition' of his original motion. *Docket Entry* 384 at 3. Plaintiff did add a new argument that a particular coconspirator should have been used as a confidential informant, which the court rejected for the same reasons Jones' earlier motion to suppress was denied. *Id*. (citing *Jones*,

---

[5] Although he was not a party to this motion, prior to the commencement of the second trial, Plaintiff joined Jones' Motion to Reconsider the denial of his earlier Motion to Suppress.

[6] *Franks v. Delaware*, 438 U.S. 154 (1977).

*supra*, 451 F.Supp.2d 78).

### III.  STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id*.

### IV. ARGUMENT

**A.  SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE BOP AND INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed.  *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986).  Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  "Sovereign immunity is jurisdictional in nature." *Meyer*, *supra*, 510 U.S. at 475.  This Circuit has explicitly held that sovereign immunity bars the BOP from liability.  *Galvan v. Fed. Prison Ind.*, 199 F.3d 461, 462 (D.C. Cir. 1999).  Not only does Plaintiff fail to state, with requisite specificity, that he is suing Defendant in her individual capacity, he failed to serve Defendant in her individual capacity, both of which lead to the inescapable conclusion that he is suing her in her official capacity only.  Plaintiff simply states that he is "seeking damages from Defendant YANTA of the FBI..." is inadequate to determine whether he is suing Defendant in her individual capacity.  Accordingly, because this suit amounts to an action against Defendant in her official capacity, sovereign immunity bars Plaintiff's action against her in her official capacity and it should be dismissed with prejudice.

      B.   **Plaintiff's Claim is Barred by the Heck Rule**

Plaintiff's claim is barred by the rule pronounced in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a prisoner may not bring a civil rights action for money damages alleging unconstitutional conviction or imprisonment unless the conviction had first been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Id.* at 486-87.  Subsequently, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck* to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had

6

been taken from the inmate, holding that a claim for damages, based on procedural defects in the prison disciplinary hearing, necessarily implied the invalidity of the punishment imposed and was therefore not cognizable under § 1983. *Id.* at 647 (reiterating *Heck's* holding as applicable to other harms caused by actions whose unlawfulness could render a conviction or sentence invalid).  In *Williams v. Hill*, this Court extended the holding of these cases to *Bivens* actions brought against federal officials.  74 F.3d 1339, 1340 (D.C. Cir.1996).

Plaintiff's claim is virtually on all-fours with *Baxter v. Crawford*, 233 Fed. Appx. 912 (11th Cir. 2007), where a criminal defendant brought a *Bivens* action against a Drug Enforcement Administration Special Agent who swore the search affidavit that produced evidence used to convict the plaintiff. *Id*. at 912.  The plaintiff claimed that the Agent "made materially false statements in the affidavit." *Id*. at 914.  The plaintiff had raised this argument in a motion to suppress prior to trial and on direct appeal where his conviction was affirmed. *Id*.  The District Court granted defendant's Motion to Dismiss, converted it to a Motion for Summary Judgment, and the Eleventh Circuit affirmed noting that, plaintiff's claim did not fall into any Fourth Amendment exception to the *Heck* rule because but for the search warrant contraband would not have been seized from plaintiff's home and used in his prosecution. *Id*. at 915.

By the same token, here, Defendant's affidavits not only supported the warrant applications for text and wire communications but "was the foundation upon which subsequent affidavits submitted in support of...search warrant applications were based." *US v. Jones*, 451 F.Supp.2d at 78.  Accordingly, it appears clear that Plaintiff's collateral attack on the foundational search affidavit would necessarily imply the invalidity of Plaintiff's conviction and sentence.  Accordingly, application of the *Heck* bar is appropriate.

7

### C.  Plaintiff's Claim is Barred by Collateral Estoppel

Collateral estoppel precludes a plaintiff from re-litigating an issue of fact or law that was previously decided in prior litigation involving the same party.  Collateral estoppel may be asserted in a civil action to preclude re-litigation of an issue of fact or law that was resolved in a prior criminal proceeding.  *Allen v. McCurry*, 449 U.S. 90 (1980).  The federal courts in the District of Columbia apply a three-part standard for collateral estoppel: (1) the same issue being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2) the issue must have been actually and necessarily determined by a court of competent jurisdiction in the prior case; and (3) preclusion in the second case must not work a basic unfairness to the party bound by the first determination.  *Rogers v. Johnson-Norman*, 466 F. Supp.2d 162, 169 (D.D.C. 2006)(quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir.1992)).

This very same issue of the veracity of Defendant's statements to the court in her affidavit in support of the text message warrant was presented in the prior case.  Specifically, in Jones' Motion for Reconsideration, which Plaintiff joined, they both sought to have the text message evidence suppressed.  Indeed, the court deemed that the Motion for Reconsideration a "verbatim repetition' of his original motion."  *Docket Entry* 384 at 3. The court concluded that "the wealth of facts in the affidavit establish[ed] probable cause to believe Jones was operating a large-scale cocaine business."  *Id*. at 79.  Here, Plaintiff attempts to raise the very same adjudicated challenge to Defendant's veracity by suggesting that the statements in her affidavit were intentionally designed to mislead the Judge Kay.  Compl. at 5.  Both Jones and Plaintiff have made these same arguments and they should be barred in this action on an estoppel theory.

8

      **D.**    **Defendant is Entitled to Qualified Immunity**

In *Bivens v. Six Unidentified Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme Court held that a plaintiff may bring suit against individual Federal employees who, while acting under the color of law, violate a plaintiff's constitutional rights. However, for the reasons explained below, the defendant in this case enjoys qualified immunity, and plaintiffs' claims should be dismissed.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court held that "government officials . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See also Anderson v. Creighton*, 483 U.S. 635 (1987) (Federal official asserting qualified immunity defense need only demonstrate that a reasonable Federal law enforcement officer could have believed that his actions were lawful in light of clearly established law and the specific information the officer possessed at the time of his actions); *District of Columbia v. Evans*, 644 A.2d 1008, 1015 (D.C. 1994).

To overcome the qualified immunity defense, plaintiff must show that the defendant violated an indisputable law or unquestioned right. *Zweibon v. Mitchell*, 720 F.2d 162 (D.C. Cir. 1983). The contours of the claimed right must be sufficiently clear so that the unlawfulness of the alleged act would have been readily apparent to any reasonable official in light of the pre-existing law at the time. *Anderson*, 483 U.S. at 635. In other words, a reasonable official would have to have realized that the action specifically undertaken would violate a clearly established constitutional right. *Id*.

Where a reasonable Federal official, confronted with the same circumstances, could have believed that the defendant's actions, even if mistaken, were reasonable, the defendant enjoys immunity from suit. *Anderson*, 483 U.S. at 641; *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.") (citation omitted). Accordingly, unless the unlawfulness of the official's actions was so apparent that no reasonable official in the defendant's position could have believed in the lawfulness of those actions at the time, the qualified immunity doctrine protects the official from suit.

In this case, Defendant with the assistance of other law enforcement officials, gathered information on Maynard during the course of a drug trafficking investigation and used this information in affidavits to obtain search warrants for text messages. On August 10, 2005 and August 18, 2005, Magistrate Judge Alan Kay issued search warrants to two electronic communication service providers for stored text messages that had been transmitted over cellular telephones used by Jones and Maynard.

Under Title II of the Electronic Communications Privacy Act of 1986, the Government must pursue a warrant to obtain contents of electronic communication which is stored in an electronic communications system. *See* 18 U.S.C. § 2701. Additionally, under Title I of the Electronic Communications Privacy Act of 1986, the government must submit an application for the interception of certain oral, wire or electronic communications. *See* 18 U.S.C. § 2518(1). Defendant followed these clearly established laws during the course of this investigation and pursued the suspects in this case as a reasonable officer would under the same circumstances. Moreover, during Plaintiff's trial, the court twice-reviewed Defendant's affidavits and found

them to be proper in all material respects.[7]

### E. Plaintiff Has Not Perfected Service Against Individual Defendants

Defendant has not been properly served with the complaint in accordance with the rules applicable to Defendants sued in their personal capacities. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, to the extent that a plaintiff attempts to pursue an action against federal employees in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Fed. R. Civ. P. 4(e). *Id*. The Rule provides that service is effectuated by complying with the laws of the state in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. *Sieg v. Karnes*, 693 F.2d 803 (8th Cir. 1982); *See also Stafford v. Briggs*, 444 U.S. 527 (1980).

The District Court will lack personal jurisdiction over the federal officials, until *all* of the provisions of Rule 4(i)(1) and (2) are met. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476,

---

[7] For these same reasons and the court's rationale articulated in *US v. Jones*, 451 F.Supp2d 71, Plaintiff fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

488 (3d Cir. 1993); *Lensel Lopez v. Cordero*, 659 F. Supp. 889, 890 (D.P.R. 1987).

In this case, it appears that Plaintiff served Defendant only at her place of work. See *Docket Entry* 5. Service at a *Bivens* defendant's place of employment is not proper service. Fed. R. Civ. P. 4(i)(2)(b). Because the record in this action is devoid of any evidence of proper personal service upon the Defendant in her individual capacity, to the extent the complaint can be construed to attempt to sue the Defendant individually, this action cannot proceed against her and all claims against her should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## CONCLUSION

For reasons stated above, Plaintiff's complaint should be dismissed with prejudice.

May 27, 2008                                             Respectfully submitted,

    /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE MAYNARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) Civil Action No. 07-1193 (RJL) | |
| v. ) (ECF) | |
| ) | |
| STEPHANIE E. YANTA, et al. ) | |
| ) | |
| Defendant. ) | |

**ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss, the entire record herein, it is hereby

ORDERED that Defendant's Motion to Dismiss is granted, and it is further

ORDERED that this case is dismissed with prejudice.

_____                                  _____
  DATE                                                HON. RICHARD J. LEON, U.S.D.J.


Copies to:

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530

LAWRENCE MAYNARD
DC # 307-469
D.C. Jail
1901 D Street, S.E.
Washington, D.C. 20003