UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LAWRENCE MAYNARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1193 (RJL) |
| ) | |
| STEPHANIE YANTA, ) | |
| ) | |
| Defendant. ) | |

FILED MAY 2 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff is a prisoner recently convicted and sentenced to 151 months of incarceration followed by 5 years of supervised release for prison for conspiracy to distribute and possession with intent to distribute cocaine. While awaiting trial, plaintiff filed this action for civil rights violations seeking $1 million in damages and alleging that Stephanie Yanta, an FBI special agent, conducted unlawful searches, gave perjured testimony in order to obtain search warrants, fabricated critical evidence, concealed other evidence, and misled the judge regarding evidence that was used to convict him. The Court, upon *sua sponte* review, will dismiss the plaintiff's *pro se* complaint under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) and applied to *Bivens* actions in *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996).

In *Heck v. Humphrey*, the plaintiff alleged that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction. 512 U.S. at 479. The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal

judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. Accordingly, "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, the wrongs that plaintiff alleges, if proved, would render his conviction invalid. The plaintiff has not demonstrated that his conviction or sentence has already been invalidated.[1] Therefore, under the rule in *Heck v. Humphrey,* this civil rights action for damages must be dismissed.

A separate order accompanies this memorandum opinion.

RICHARD J. LEON
United States District Judge

Date:

5/27/08

---

[1] Plaintiff has recently noticed a direct appeal from his criminal conviction.